## Doherty v. First National Bank.

(Decided November 10, 1915.)

### Appeal from Jefferson Circuit Court.
(Common Pleas Branch, First Division).

Appeal and Error—Dismissal—Reinstatement.—Where an appeal has been granted by the clerk of this court, the case is not properly on the docket for hearing, within the meaning of Rule 3, of this court, until the appellee has entered its appearance or been summoned to answer the appeal as provided by the Civil Code.

O'DOHERTY & YONTS for appellant.

HELM BRUCE and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Sustaining motion to set aside order dismissing appeal and to reinstate case upon docket.

The judgment appealed from was rendered April 14th, 1913. On the 13th day of April, 1915, which was the last day upon which an appeal from the judgment could be granted by the clerk of this court, he filed in the clerk's office of this court a copy of the judgment and what purported to be a transcript of the record in the case and a statement, as required by Section 739, of the Civil Code, and moved the clerk of this court to grant him an appeal. The appeal was granted, as appears from the memorandum made by the clerk upon the transcript and a summons and copy issued to Jefferson County, for the appellee. The case was set upon the present September Docket, of this court for the 28th day of September, 1915. On the last named day the appellee filed a motion to dismiss the appeal because the appellant had failed to file his brief twenty days prior to that date, as required by Rule 3, of this court. The motion was sustained and the appeal ordered to be dismissed without prejudice. On the 8th day of October, following,

the appellant, having given to the appellee notice of his intention, entered a motion before this court to set aside the order dismissing the appeal and to reinstate the case upon the docket, and the case was submitted upon the motion.

An examination of the record develops the fact, that the appellee has never been summoned upon the appeal, and the case was not properly on the docket for hearing at its calling on the 28th day of September, and that on the 21st day of September, preceding its dismissal, an alias summons had been issued for service upon the appellee. Rule 3, of the court, so far as it is pertinent to the matter in hand, is as follows:

"That in all cases of appeals hereafter filed  *  *  * it shall be the duty of the appellant to file his brief twenty days prior to the date the case is set for hearing  *  *  * and a failure to do so by the appellant shall cause a dismissal of the appeal without prejudice, etc."

At the time the motion to dismiss the appeal was sustained, the attention of the court was not called to the fact that the appellee had never been summoned, nor had ever entered its appearance, and that the case was not properly on the docket for hearing within the meaning of Rule 3 of this court. The order dismissing the appeal is therefore set aside and the case is ordered to be reinstated upon the docket.